

Yeskoo Hogan & Tamlyn, LLP
535 Fifth Avenue
New York, NY 10017
212-983-0900
Attorneys for Plaintiff
By: Richard C. Yeskoo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN SCIENTIFIC RESOURCES, INC.
and KIDZ-MED, INC.,

                               Plaintiffs,

    – against –

TECNIMED SRL,

                              Defendant.
------------------------------------------------------------X

No. 08 CV 6167 (RMB)(FM)

Complaint



      Plaintiff American Scientific Resources, Inc., by its undersigned attorneys, complains against defendant Tecnimed slr as follows:

      1.    American Scientific Resources, Inc. ("ASR") is a Nevada corporation with its principal place of business at 1112 Weston Road, Unit 278, Weston, FL 33326.

      2.    Kidz-Med, Inc. ("Kidz-Med") is a Florida corporation with its principal place of business at 1112 Weston Road, Unit 278, Weston, FL 33326. Kidz-Med is a wholly owned subsidiary of ASR.

      3.    Tecnimed slr is an Italian corporation with its principal place of business at p.le Cocchi, 12 – 21040 Vedano Olona (VA) Italy.

      3.    This Court has jurisdiction over this matter under 28 USC § 1332 (a)(2) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

1

4. Venue is appropriate in this district pursuant to 28 USC § 1391(b) in that a substantial part of the events or omissions giving rise to the specific claims set forth in this complaint occurred in this district and that the parties agreed to place venue in this district.

5. This Court has personal jurisdiction over defendant Tecnimed in that it transacts business in the State of New York and has consented to personal jurisdiction in this district.

6. On or around January 18, 2006 Kidz-Med and Tecnimed entered into an international distribution agreement for the Thermofocus models 700 and 1500 infrared thermometers manufactured by Tecnimed. The agreement was amended on August 27, 2007 and again on March 31, 2008. In the addendum to the March 31, 2008 agreement, ASR was listed as a party to the agreement.

Technimed's Breach of the Exclusivity Terms of the Contract

7. The original agreement and all subsequent amendments gave plaintiffs the exclusive right to sell to the United States retail trade sector, including the Internet directly to consumers. Excluded from plaintiffs' channel of sale were: (a) professional, scientific and technical services; (b) educational services; (c) health care and social assistance; (d) public administration; and (e) government sales. (These channels are referred to herein as the "professional trade sector.") Upon information and belief, Technimed entered into a separate international distribution agreement for the professional trade sector with Barrington Ventures, Ltd., d/b/a BV Medical, 28 West 206 Commercial Drive, Lake Barrington, Illinois 60010 ("BV").

8. Technimed agreed that if one of its distributors sold outside its assigned

channel of sale, it would "assess a penalty to the Distributor which is equal to the revenue of the disputed sale. Said revenue shall be shared equally by the Manufacturer and any Distributor to whom the disputed Channels of Sales was assigned."

9. Upon information and belief, BV has sold Thermofocus model 700 and 1500 thermometers repeatedly to the retail trade sector, including to QVC, Costco.com and to consumers on the internet. BV's sales to QVC were particularly damaging to plaintiffs because in February 2008 plaintiffs had secured QVC's preliminary agreement to purchase 7500 units. QVC cancelled that agreement when it found out it was already purchasing Thermofocus thermometers distributed by BV Medical. BV's sales to the retail trade sector have also seriously harmed plaintiffs' efforts to raise venture capital and other funding because potential investors conclude that plaintiffs do not really have exclusivity in their trade channel.

10. Plaintiffs brought BV's sales to the retail trade channel to the attention of Tecnimed no later than April, 2007, when plaintiffs told Technimed that BV was listing the Thermofocus thermometers for sale at the National Association of Chain Drug Stores trade show. Plaintiffs have continued protesting to Technimed as they have learned of further sales to their channel. Although professing to "investigate" the matter, Tecnimed has done nothing. Tecnimed's failure to police BV's sales to the retail trade channel have caused serious financial harm to plaintiffs, and has deprived it of the sales and revenues needed to meet the minimum purchase requirements and payment schedule of the agreement among the parties.

## Technimed's Demand that Walgreens Return All Product to It

11. On June 6, 2008, Tecnimed's attorneys sent plaintiffs a notice purportedly

terminating the agreement between plaintiffs and defendant.

12. Upon information and belief, in June, 2008 Technimed or its counsel demanded that Walgreens, Technimed's largest customer, return all Thermofocus thermometers in its possession to it and send all monies from sales to it.. The March 31, 2008 agreement states that:

> 6.6 It is agreed that the Products delivered remain Tecnimed's property until complete payment is received by Tecnimed. With respect to every and each unpaid unit, if payment is not provided within thirty (30) days of the terms agreed ..., Tecnimed has the right to call back said units and the Distributor shall provide to immediately resend it to Technimed.

Although plaintiffs contend that Tecnimed has no right to enforce this part of the agreement due to its breach of the exclusivity provisions of the agreement, its demand to Walgreens is improper under any set of facts because most of the products in the Walgreens inventory system have already been paid for by plaintiffs.

13. Under Walgreens' agreement with plaintiffs, Walgreens pays for the thermometers when they are purchased by a Walgreens' customer. Walgreens has informed plaintiffs that it will continue to sell Thermofocus thermometers supplied by plaintiffs but will hold all monies due to plaintiffs until plaintiffs and defendant either settle or until plaintiffs obtain an order from a court with competent jurisdiction. Defendant's action has therefore frozen almost all of plaintiffs' cash flow and jeopardized plaintiffs' continued existence.

## COUNT ONE
### (Breach of Contract)

14. Plaintiff repeats paragraphs 1 through 13.

15. Plaintiffs have complied with all conditions precedent of the agreement.

16. As a result of Tecnimed's breach of the agreement, plaintiffs have been damaged by not less than $3,000,000.

## COUNT TWO
### (Tortious Interference With Contract)

18. Plaintiff repeats paragraphs 1 through 17.

19. Plaintiffs have a contract to supply thermometers to Walgreens. Plaintiffs told defendant about the terms of this contract. Plaintiff, through a wrongful demand for return of thermometers paid for by plaintiffs and/or a wrongful demand for monies, have induced Walgreens to breach the contract by withholding payments otherwise due to plaintiffs. Plaintiffs have been damaged thereby.

20. Plaintiffs are suffering irreparable harm as a result of defendant's action and have no adequate remedy at law for this harm.

## COUNT THREE
### (Request for Declaratory Relief)

21. Plaintiff repeats paragraphs 1 through 21.

22. There is an actual controversy between plaintiffs and defendant within the meaning of 28 USC §§ 2201 and 2202 as to entitlement to the proceeds of Walgreens' sales of Thermofocus thermometers.

23. Plaintiffs therefore request a declaratory judgment that they are entitled to the proceeds of the sales.

WHEREFORE, plaintiff demands judgment:

a) declaring that it is entitled to the proceeds of Walmarts' sales of Thermofocus thermometers;

b) enjoining defendant from further interference with their customers;

c)  for money damages of not less than $3,000,000; and

d)  for costs, expenses, attorneys fees and such other and further relief as the Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
July 7, 2008

>YESKOO HOGAN & TAMLYN, LLP
>Attorneys for Plaintiffs
>535 Fifth Avenue
>New York, New York 10017
>212-983-0900
>
>By: _____
>Richard C. Yeskoo (RY7329)