UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN SCIENTIFIC RESOURCES, INC. and KIDZ-MED, INC.,

            Plaintiffs,

-against-

TECNIMED SRL,

            Defendant.

Case No. 08 CV 6167 (RMB) (FM)

**ANSWER TO THE COMPLAINT OF PLAINTIFFS
AMERICAN SCIENTIFIC RESOURCES, INC. AND KIDZ-MED, INC.**

       Defendant Tecnimed SRL ("Tecnimed"), by its attorneys Pillsbury Winthrop Shaw Pittman LLP, answers the Complaint of Plaintiffs as follows:

       1.     Tecnimed denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

       2.     Tecnimed denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

       3.     Tecnimed admits the allegations in Paragraph 3.

       3.[*sic*] Tecnimed admits the allegations in Paragraph 3.

       4.     Tecnimed admits that venue is appropriate in this Court.

       5.     Tecnimed admits that it has consented to personal jurisdiction in this Court.

       6.     Tecnimed admits the allegations in Paragraph 6 of the complaint insofar as they conform to the terms of the referenced contracts and refers to such contracts for their terms and conditions, except denies that the later contracts were "amendments" and denies any inference that some or all of the referenced contracts are in effect.

7. Tecnimed denies the allegations in the first and second sentences of Paragraph 7, and refers to the referenced agreements for a full and correct statement of their terms and conditions. Tecnimed admits that Tecnimed entered into an agreement with Barrington Ventures, Ltd. ("BV Medical") in or about June 2006, and refers to that agreement for a full and correct statement of its terms and conditions.

8. Tecnimed denies the allegations in Paragraph 8, and refers to the referenced agreements for a full and correct statement of their terms and conditions.

9. Tecnimed denies the allegations in Paragraph 9, except admits, on information and belief, that BV has sold a small number of thermometers to QVC.

10. Tecnimed denies the allegations in Paragraph 10, except admits that Plaintiffs have contended from time to time that BV has made some sales to the retail trade sector.

11. Tecnimed admits the allegations in Paragraph 11, except refers to the letter from Tecnimed's counsel to Kidz-Med Inc., dated June 6, 2008, for a full and correct statement of its contents.

12. Tecnimed denies the allegations in the first sentence of Paragraph 12, except admits that on June 6, 2008, Tecnimed sent Walgreens a letter, and refers to that letter for a full and correct statement of its content. Tecnimed admits the allegations in the second sentence of Paragraph 12 to the extent it accurately quotes from the referenced agreement, except refers to such agreement for a full and complete statement of its terms and conditions. Tecnimed denies the remaining allegations in Paragraph 12.

13. Tecnimed denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 13. Tecnimed denies the allegations in the second sentence of Paragraph 13, except admits that Walgreens has informed Tecnimed and

Kidz-Med that it will hold the payments currently owed on the Thermofocus thermometers until it receives a letter signed by both Tecnimed and Kidz-Med directing Walgreens to release the funds, a direction from a third party neutral jointly appointed by Tecnimed and Kidz-Med, or a final court order stating who is entitled to receive Walgreens' payments on this account. Tecnimed denies the allegations in the last sentence of Paragraph 13.

## COUNT ONE
### (Breach of Contract)

14. Tecnimed repeats its answers to Paragraphs 1 through 13 as if set forth in full herein.

15. Tecnimed denies the allegations in Paragraph 15.

16. Tecnimed denies the allegations in Paragraph 16.

## COUNT TWO
### (Tortious Interference With Contract)

18. [*sic*] Tecnimed repeats its answers to Paragraphs 1 through 17 [*sic*] as if set forth in full herein.

19. Tecnimed denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19. Tecnimed denies the remaining allegations in Paragraph 19.

20. Tecnimed denies the allegations in Paragraph 20.

## COUNT THREE
### (Request for Declaratory Relief)

21. Tecnimed repeats its answers to Paragraphs 1 through 21 [*sic*] as if set forth in full herein.

22. Tecnimed admits the allegations in Paragraph 22.

23. Tecnimed denies that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

24. Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

25. Plaintiffs' claims are barred in whole or in part because the consequential damages that Plaintiffs seek to recover (lost business as a result of not securing venture capital) were unforeseeable and are also speculative.

### Third Affirmative Defense

26. Plaintiffs' claims are barred in whole or in part to the extent they seek to enforce rights under contracts that have been terminated or that never came into existence as a result of Plaintiffs' failure to satisfy conditions precedent to the contract's formation, specifically, the minimum purchase obligations.

### Fourth Affirmative Defense

27. Plaintiffs' claims are barred in whole or in part because Plaintiffs have materially breached the relevant agreements.

### Fifth Affirmative Defense

28. Plaintiffs' claims are barred in whole or in part insofar as they seek damages in excess of the exclusive remedies set forth in the Agreement.

### Sixth Affirmative Defense

29. The Complaint fails to state a claim for tortious interference as the Complaint fails to allege any facts that Defendant acted with malice or without economic justification.

**Seventh Affirmative Defense**

30. Plaintiffs' claims are barred in whole or in part because Plaintiffs' injuries, if any, were caused in whole or in part by Plaintiffs' own culpable conduct.

**AS AND FOR COUNTERCLAIMS
AGAINST PLAINTIFFS**

31. Tecnimed srl ("Tecnimed") is an Italian company located at p.le Cocchi, 12-21040 Vedano Olona (VA), Italy.

32. American Scientific Resources, Inc. ("American Scientific") is a Nevada Corporation with its principal place of business at 1112 Weston Road, Unit 278, FL 33326.

33. Kidz-Med, Inc. ("Kidz-Med") is a Florida Corporation with its principal place of business at 1112 Weston Road, Unit 278, FL 33326.

34. This Court has jurisdiction over the counterclaim pursuant to 28 USC §1332(a)(2) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

35. Venue is appropriate in this district pursuant to 28 USC §1391(b).

36. This Court has personal jurisdiction over American Scientific and Kidz-Med in that they transact business in the State of New York and have consented to personal jurisdiction in this district.

**The Agreement and Notes**

37. The parties to this action were parties to a certain distribution agreement for thermometers manufactured by Tecnimed (the "Agreement"), pursuant to which Tecnimed agreed to supply and Kidz-Med and American Scientific agreed to purchase and distribute certain thermometers.

38. In connection with the Agreement and Tecnimed's delivery of thermometers to American Scientific and Kidz-Med, American Scientific executed a Promissory Note dated October 30, 2007, in the principal amount of $350,000 for the benefit of Tecnimed (the "First Note").

39. In connection with the Agreement and Tecnimed's delivery of thermometers to American Scientific and Kidz-Med, American Scientific also executed a Promissory Note dated April 1, 2008, in the principal amount of $258,800 for the benefit of Tecnimed (the "Second Note," and together with the First Note, the "Notes").

40. Tecnimed has a perfected security interest against the assets of American Scientific and Kidz-Med.

41. In an Addendum to the Agreement dated March 31, 2008, which forms part of the Agreement, American Scientific agreed, among other things, to "promptly transfer back" 12,000 thermometers to Tecnimed.

42. In the Addendum to the Agreement, American Scientific also agreed to pay Tecnimed a percentage of any revenues received either from its customer, Walgreens, or from any financings.

**Plaintiffs' Breach of the Agreement and Default Under the Notes**

43. American Scientific has failed to make any payments as when due under the Notes.

44. American Scientific has failed to return any of the thermometers as required by the Addendum to the Agreement. Upon information and belief, the thermometers that American Scientific agreed to return are presently located at Jamestown Container Companies ("JCC").

JCC has refused to surrender such thermometers on the grounds that American Scientific and Kidz-Med owe it in excess of $100,000.

45. American Scientific has failed to pay Tecnimed any proceeds from sales of the thermometers to Walgreens or from financings.

46. American Scientific and Kidz-Med have further breached the Agreement by, *inter alia,* failing to comply with the Agreement's (i) first order requirements, (ii) payment provisions, (iii) inventory return provisions, (iv) minimum purchase provisions, (v) advertising requirements, (vi) sales and support requirements, (vii) pricing and information requirements, and (viii) information disclosure requirements pertaining to Walgreens. Such defaults have remained uncured for more than 30-days following notice and have given rise to an event of termination under the Agreement.

47. On or about June 6, 2008, Tecnimed gave written notice to American Scientific that an Event of Default had arisen under the Notes as a result of American Scientific's failure to make principal and interest payments as and when due, and demanding payment in full of the outstanding principal and interest then due.

48. On or about June 6, 2008, Tecnimed sent a letter to Plaintiffs informing them that the Agreement was terminated.

49. On or about June 6, 2008, Tecnimed advised Walgreens, a purchaser of the Tecnimed thermometers, that proceeds of any sales of Tecnimed's thermometers should be paid to Tecnimed or held in escrow pending resolution of the disputes between the parties to this proceeding.

50. On June 24, 2008, Walgreens advised that it would hold any payments pending resolution of this matter.

**FIRST COUNTERCLAIM**
**(Breach of the Agreement)**

51. Tecnimed incorporates by reference Paragraphs 31 through 50 of the Counterclaims as if set forth in full herein.

52. American Scientific and Kidz-Med have materially breached the Agreement.

53. Tecnimed is owed damages in an amount to be determined at trial, but believed to be in excess of one million dollars.

**SECOND COUNTERCLAIM**
**(Default of Promissory Notes)**

54. Tecnimed incorporates by reference Paragraphs 31 through 50 of the Counterclaims as if set forth in full herein.

55. American Scientific has failed to meet its payment obligations under the Notes, which are now due and payable in full in the principal amount of $608,000, plus interest.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment)**

56. Tecnimed incorporates by reference Paragraphs 31 through 50 of the Counterclaims as if set forth in full herein.

57. There is an actual controversy between the parties within the meaning of 28 US §§2201 and 2202 as to the entitlement to the proceeds of Walgreens' sales of Tecnimed's thermometers.

58. Tecnimed is entitled to a declaratory judgment that it is entitled to the proceeds of the sales.

**WHEREFORE**, Tecnimed respectfully requests judgment against Plaintiffs:

(i) dismissing Plaintiffs' Complaint with prejudice and denying each and every request for relief set forth therein;

   (ii) awarding Defendant damages in an amount to be determined at trial, but believed to be in excess of one million dollars;

   (iii) awarding Defendant principal and interest due on the Notes;

   (iv) declaring that Tecnimed is entitled to the proceeds of Walgreens' sales of the Product;

   (v) declaring that Plaintiffs return all thermometers in their possession or control to Tecnimed;

   (vi) awarding Defendant the costs, disbursements and expenses of this action, together with prejudgment interest and attorneys fees;

   (vii) granting Defendant the right to foreclose upon collateral sufficient to satisfy Plaintiffs' obligations under the Agreement and Notes; and

   (viii) granting such other and further relief as the Court may deem just and equitable.


Dated: New York, New York
   September 5, 2008

          PILLSBURY WINTHROP SHAW PITTMAN LLP


          By: __/s/_____
           Eric Fishman

          1540 Broadway
          New York, NY 10036
          (212) 858-1000

          *Attorneys for Defendant and Counterclaimant Tecnimed SRL*